IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal No. 1:18-cr-38-4 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT FERRIN LEONE WELLS'** |
| | ) | **SENTENCING MEMORANDUM** |
| Ferrin Leone Wells, | ) | |
| | ) | |
| Defendant. | ) | |

## PERSONAL BACKGROUND

**Family.** Defendant Ferrin Leone Wells ("Ferrin") was born in Stanley, North Dakota, in 1986. (PSR ¶33.) He is 32 years old. She has lived her whole life in the New Town, North Dakota, area, except she resided with her father in Washington for about a year when she was 7 years old and her parents divorced. (Id.) Her mother continues to reside in the New Town area.

Ferrin has five siblings who all reside in the New Town area. (Id.) In addition, she had a brother who passed away from SIDS as an infant, as well as a sister who was killed in a car accident in 2011. (Id.) Her sister's husband and two children were also killed in that car accident. (Id.)

In 2009, at the age of 23, Ferrin married Dominick Wells, a co-conspirator in this case. (PSR ¶33.) They have four children together, ages 5, 7, 9, and 10. (Id.) Ferrin also has custody of a 14 year old child from a previous relationship. (Id.) The family resides in New Town and will continue to reside there after Ferris is sentenced and serves any prison time. (Id.)

1

**Education.**  Ferrin dropped out of high school in 11th grade when she became pregnant with her first child.  (PSR ¶42.)  At age 21, she enrolled in Nueta Hidatsa Sahnish College, where she obtained her GED.  (Id.)  Following her arrest in this case, she re-enrolled at that same college and completed one semester.  (Id.)  She quit attending college in order to focus on her work, though she would like to return at some point to complete a business degree or possibly become a Licensed Addiction Counselor.  (Id.)

**Employment.**  Ferrin's employment history includes:

1. Approximately 2 years at 4 Bears Casino in New Town.  (PSR ¶43.)
2. Roughly 3 years for Three Affiliated Tribes (TAT), where she held numerous positions, including Chairman's Assistant and Roads Department.  (Id.)
3. Ferrin quit TAT in 2016 due to her opiate addiction.  (Id.)
4. After her pretrial release in this case on March 16, 2018, Ferrin worked approximately 5 months at KMHA Radio in New Town.  (Id.)

In October, 2018, Ferrin left her employment at KMHA because the Tribal Chairman created the position of Peer Support Advocate for Ferrin and her husband Dominick.  (Id.)  Their duties include helping fellow tribal members obtain and maintain their own sobriety and drug-free life.  (Id.)  They help chemical dependent individuals by (a) acquiring documents and obtaining substance abuse evaluations for them; b) transporting individuals to and from treatment or tribal sweats/events; (c) finding them employment; and (d) doing anything necessary to help them with their own road to

sobriety. (Id.) Ferrin also works on-call during the weekends at the Parshall Resource Center, performing many of these same duties. (Id.)

Ferrin finds her work very rewarding, yet time-consuming, and thus has learned to set boundaries so that she can spend quality time with her family. (Id.)

**Drug Addiction.** In 2011, after Ferrin's sister and her sister's family were killed in a car accident, Ferrin began using oxycodone to "numb the grief" she experienced. (PSR ¶44.) The oxycodone was supplied to her by her husband Dominick. (Id.) She quit a short time later when she became pregnant with her son Keaton, but began using again shortly after his birth. (Id.) She quit again when she became pregnant with her youngest son Kai, but resumed use a few months after his birth. (Id.) She eventually quit her job and began buying and selling oxy with her husband in order to support their habit. (Id.)

Since her pre-trial release on March 16, 2018, Ferrin has been drug free and sober. (PSR ¶45.) She completed a CD evaluation in March of 2018 and began out-patient treatment at Circle of Life in New Town. (Id.) She successfully completed out-patient and aftercare. (Id.) She attends Narcotics Anonymous approximately one time per week. (Id.) She attends tribal sweats roughly once per week, as they help her maintain sobriety. (Id.) In treatment, she addressed her sister's death and has learned better coping skills. (Id.) Her husband has maintained sober for over a year. (Id.) Together they work as Peer Support Advocates to help others and themselves maintain a drug-free life. (Id.)

Ferrin continues to be approached by former "drug friends" to do drugs, but she

turns them away. (PSR ¶46.) She no longer associates with any past negative influences. (Id.) Instead, Ferrin's siblings, mother, and other relatives in the New Town area, as well as her friends and recovered drug addicts, provide her with a network of positive support, so long as those persons remain drug-free. (Id.) Ferrin has no room in her life for drug-users except to help them with recovery. (Id.)

**Criminal Background.** Ferrin has two minor tribal court charges from 2007 and 2009, both of which have unknown dispositions. (PSR ¶s29-30, 41.) She has no other criminal record. (Id. at 41.)

## CHARGES

On March 7, 2018, a four-count Indictment was filed in this case charging Defendant with oxycodone offenses. (Doc. 2; PSR ¶1.) Six other Defendants were named as co-conspirators. (Doc. 2.) Defendant was charged in Count One with Conspiracy to Distribute Oxycodone and in Count Two with Distribution of Oxycodone. (Id.) A warrant was issued, and Defendant was arrested on March 13, 2018. (PSR ¶1.) After a short detention hearing on March 16, 2018, Defendant was released that day, with conditions. (Id.) Defendant has complied with all conditions of pre-trial release. (Id.)

On June 6, 2018, a Superseding Indictment was filed, which added four Defendants to the conspiracy. (Doc. 118; PSR ¶2.)

**Defendant's time served from March 13, 2018, to March 16, 2018, is 4 days.**

## PLEA AGREEMENT

On April 5, 2019, a Plea Agreement was filed. (Doc. 251.) The parties agreed

Defendant would plead guilty to Count One, with Count Two to be dismissed.   (PA ¶s4, 17(d).)

Regarding the Offense Level, the parties agreed as follows (¶s13-14):

|  |  |
|---|---|
| Base Offense Level | 24 |
| Less: | |
|     Safety Valve | -2 |
|     Acceptance of Responsibility | -2 |
|     Timely Notification | <u>-1</u> |
|     **Final Offense Level** | **<u>19</u>** |

Under the Plea Agreement, the United States agrees to recommend a sentence of imprisonment within the Guidelines sentencing range as calculated by the Court at sentencing.   (PA ¶17(a).)   The U.S. will also recommend Defendant serve a 3 year term of supervised probation and pay the special assessment of $100.   (PA ¶s17(b)&(c).)

Defendant may recommend any sentence.   (PA ¶18.)

## PRE-SENTENCE REPORT

The Presentence Investigation Report (Doc. 305) contains the following provisions:

1. The base offense level is 24.   (PSR ¶13.)
2. Two point reduction for safety valve.   (PSR ¶14.)
3. Two point decrease for acceptance of responsibility.   (PSR ¶20.)
4. One point decrease for timely notification.   (PSR ¶21.)
5. Total offense level of 19.   (PSR ¶22.)
6. Criminal history score of 0, resulting in a Criminal History Category of I.   (PSR ¶28.)

5

7. Based on a Total Offense Level of 19 and a Criminal History Category of I, the guidelines imprisonment range is 30 – 37 months.   (PSR ¶63.)

8. Ferrin's Post-Conviction Risk Assessment (PCRA) is a Level 1, meaning a 4% chance of re-arrest and a 6% chance of revocation.   (PSR ¶39.)   "The Defendant does not exhibit any major risk concerns at this time."   (PSR ¶40.)

## OBJECTIONS TO PSR

Defendant has no objections to the PSR.

## 18 USC § 3553 (a) FACTORS

Under 18 USC § 3553 (a), "[T]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.   The Court, in determining the particular sentence to be imposed, shall consider [the following factors]:"

1. **The nature and circumstances of the offense and the history and characteristics of the Defendant.**

Distribution of oxycodone on a large scale has many victims.   Those who commit such crimes need to be punished.   On the other hand, Ferrin Wells, despite being a drug dealer, successfully finished treatment, fully complied with all pre-trial conditions of release for a year and four months, and has been employed for some time in helping others who are chemically dependent.   The good she is doing right now for the people living in the New Town area, both by her example and her employment, far out-weighs the benefits to her and society of incarceration.

Furthermore, Defendant's clean criminal record, past employment, and ability to raise five children show that selling drugs is abnormal behavior for her.   Selling drugs

only happened in this case because she became addicted to oxycodone and needed to support her habit. A factor in that addiction was the death of her sister and her sister's family in a car accident in 2011. As part of Ferrin's recovery, she received counseling on dealing with that issue, as well as how to cope with triggers in the future. Based on her conduct for the last year and four months, it appears she has eliminated drug use from her system forever.

2. **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the Defendant; and to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective way.**

As noted above, there is no question that punishment is warranted in cases like this. A guidelines sentence of 30-37 months would generally be appropriate. However, all of the purposes of the law have been accomplished during Defendant's pre-trial release. The charge, treatment, and recovery have deterred her from future criminal drug activity. Her example and her employment have deterred others from using and abusing drugs. She has certainly been reformed and rehabilitated. In a sense, she has been punished by losing two years of her life to drug abuse. That being the case, this is an ideal case for the Court to NOT follow the guidelines and to instead give a time-served sentence.

3. **The kinds of sentences available.**

A guidelines sentence, a transition center, or release are the only options here.

4. **The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of Defendant as set forth in the guidelines.**

7

The guidelines sentencing range is 30-37 months.

5. **Any pertinent policy statement issued by the Sentencing Commission pursuant to § 994(a)(2) of title 28 in effect on the date the Defendant is sentenced.**

    Unknown.

6. **The need to avoid unwarranted sentence disparities among Defendants with similar records who have been found guilty of similar conduct.**

    This Court has, on occasion, given a "time served" sentence when a Defendant on pre-trial release has not committed any violations and has taken steps toward preventing criminal behavior in the future. In this case, Defendant has gone above and beyond the call of duty in terms of getting treatment, remaining law abiding, not having any violations on pre-trial release, and obtaining employment in which she helps others in the community with their chemical dependency. Based on those factors, the Court should consider a "time served" sentence.

7. **The need to provide restitution to any victims of the offense.**

    Not applicable.

## SENTENCE REQUESTED

**The Defendant is requesting a time-served sentence.**

Dated this 9th day of July, 2019.

_____
Mark A. Meyer
Attorney for Defendant
ND Atty. Reg. No. 04966
205 North 7th Street
P.O. Box 216
Wahpeton, ND 58074-0216
(701) 642-1660
(701) 642-2061 (fax)
markameyer@702com.net

## CERTIFICATE OF SERVICE

Mark A. Meyer, Attorney for Defendant Ferrin Leone Wells, hereby certifies that on July 9, 2019, the following document:

1. Defendant Ferrin Leone Wells' Sentencing Memorandum

was served upon:

Rick L. Volk
Assistant U.S. Attorney
rick.volk@usdoj.gov

by filing electronically.

_____
Mark A. Meyer
Attorney for Defendant

9